UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN EDWARD MAHONEY, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, INC., et al., ) <br> ) <br> Defendants ) | 1:25-cv-12916-JAW |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 based on the alleged deprivation of his constitutional rights in connection with criminal proceedings that evidently resulted in a disposition that included a period of supervised release or probation. (Complaint, ECF No. 1.) Plaintiff asks for monetary damages and his release "from involuntary servitude." (Complaint at 5.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Plaintiff asserts that during criminal proceedings beginning in 2010, various individuals named as defendants, including two federal judges, multiple physicians, and several probation officers, violated his rights resulting in his commitment to a medical facility and conditions of supervision. He alleges that over a 16-year period, he has been "tortured," including with "altering drugs." (Complaint at 4.)

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**DISCUSSION**

The essence of Plaintiff's complaint is that due to the actions of the defendants, he was wrongfully prosecuted, convicted, and sentenced. Federal courts lack jurisdiction over suits which constitute "thinly veiled and improper attempts to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012). The proper avenues for collaterally attacking a criminal judgment are a direct appeal or pursuant to a habeas corpus petition under 28 U.S.C. §§ 2254 or 2255. *See, e.g., Olson v. U.S.*, Civil Action No. 0565 (JR), 2006 WL 3377942, at *1 (D.C.C. Nov. 21, 2006) (collateral attacks on criminal convictions may be resolved only on direct review or through a habeas petition); *see also Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner could not maintain a claim under 42 U.S.C. § 1983 for damages where he alleged that his arrest, trial, and conviction were unconstitutional because an award of damages on such a claim would implicitly invalidate the conviction. Because the plaintiff challenged his conviction, the Supreme Court determined that the plaintiff must first obtain relief from the conviction through state or federal habeas proceedings, or similar proceedings, before seeking a remedy under § 1983. *Id.* at 487.

Here, for Plaintiff to prevail on his claims against the defendants, he would have to first invalidate his conviction. The Court, therefore, is without jurisdiction to consider Plaintiff's claims. *See O'Brien v. Town of Bellingham*, 943 F.3d 514, 529 (1st Cir. 2019) ("Whether *Heck* bars § 1983 claims is a jurisdictional question that can be raised at any time during the pendency of litigation").

Even if Plaintiff's filing could be construed to allege a claim that is not barred by *Heck*, dismissal is warranted. While Plaintiff alleges several grievances in his complaint, he does not allege a cause of action against any of the named defendants. Plaintiff fails to make any mention of some of the defendants in his substantive allegations. To state a plausible claim for relief against each individual defendant, the allegations, if true, must support a finding that the individual, through his or her individual actions, violated Plaintiff's rights. *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). In other words, each defendant is entitled to an individualized assessment as to whether Plaintiff has asserted an actionable claim against that defendant.

As to other defendants, Plaintiff alleges only conclusory allegations. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 678. Accordingly, even if Plaintiff had alleged which defendant tortured him or provided "altering drugs," Plaintiff's complaint would be insufficient to support an actionable claim. The allegations "are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," and the alleged claims are therefore properly dismissed. *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Furthermore, Plaintiff's claim against the judicial officers is barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*,

502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)). Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225. Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, therefore, judicial immunity will bar the claim. The probation officers named as defendants are also entitled to absolute immunity. *See Reardon v. Walker*, No. 25-cv-235-LBM-AJ, 2025 WL 1932367, at *3 (D. Me. July 14, 2025) (collecting cases applying quasi-judicial or prosecutorial immunity to claims against probation officers).

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, for the reasons explained above, I recommend the Court dismiss the matter.[1]

---

[1] Plaintiff entitles his filing in part as a "common law criminal complaint." Plaintiff cannot initiate a criminal prosecution. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution.").

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 9th day of January, 2026.