UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIAN EDWARD MAHONEY, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-12916-JAW |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, INC., et al. | ) ) | |

**ORDER ON RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The court affirms the recommended decision of the magistrate judge and dismisses a pro se plaintiff's complaint against federal agencies, judges, and probation officers because (1) plaintiff's objections to the recommended decision are non-meritorious, (2) plaintiff failed to object to the substance of the magistrate judge's recommended decision, (3) plaintiff's complaint is an improper attempt to collaterally attack his federal conviction, and (4) the federal defendants are generally immune from this type of lawsuit.

**I.  BACKGROUND**

    **A.  Brian Edward Mahoney's Complaint**

On October 7, 2025, Brian Edward Mahoney, acting pro se, filed a complaint in this Court against twelve named defendants and some unknown defendants, alleging that the defendants had violated 42 U.S.C. § 1983 and Massachusetts law by wrongfully incarcerating him. *Common Law Crim. Compl. in the Admiralty for the Perpetration of Kidnapping, Involuntary Servitude and Torture 42 U.S.C., Sec. 1983/Bivens Cl.* (ECF No. 1) (*Compl.*). Mr. Mahoney has filed claims against (1) United States Department of Justice, Inc., (2) United States of America, Inc., (3) U.S.

Federal Judge Patti B. Saris, (4) U.S. Federal Judge Joseph N. LaPlante, (5) Dr. Shawn Channell, (6) Dr. Mart, (7) Dr. Daniel Keigman, (8) the U.S. Marshal's Office Boston, (9) U.S. Chief Federal Probation Officer, (10) U.S. Probation Officer Justin Prophetic, (11) U.S. Probation Officer Justin Alberala, (12) U.S. Probation Officer John Bracamont, and (13) unknown officers of the U.S. Marshal's Boston Office. *Id.* Mr. Mahoney also filed an application to proceed without prepayment of fees, also termed motion for leave to proceed in forma pauperis. *Appl. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 2).

B.   **Designation of this Judge**

On October 10, 2025, Chief Judge Denise Casper of the District of Massachusetts with the concurrence of Chief Judge Lance Walker of the District of Maine designated United States Magistrate Judge John C. Nivison of the District of Maine to perform any and all judicial duties under 28 U.S.C. § 636(a) and (b) on an as needed basis. *Order* (ECF No. 3). Also on October 10, 2025, Chief Judge David Barron of the Court of Appeals for the First Circuit designated and assigned this Judge pursuant to 28 U.S.C. § 294(b), (c), and (e) "to sit upon the United States District Court for the District of Massachusetts, until [this] case has been concluded." *Designation of a Senior United States Judge for Serv. Within the Circuit* (ECF No. 4). On October 14, 2025, the docket confirmed that if this Judge referred a matter to a magistrate judge, it would be United States Magistrate Judge John C. Nivison. *Order* (ECF No. 5). On October 15, 2025, Magistrate Judge Nivison granted Mr. Mahoney's motion for leave to proceed in forma pauperis. *Order* (ECF No. 6).

### C. The Recommended Decision

On January 7, 2026, Magistrate Judge Nivison issued a recommended decision resulting from his preliminary review of Mr. Mahoney's complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that this Judge dismiss Mr. Mahoney's complaint on several grounds. *Recommended Decision After Review of Pl.'s Compl.* at 1-5 (ECF No. 7) (*Recommended Decision*).

### D. Brian Edward Mahoney's Objection

On January 23, 2026, Mr. Mahoney filed objections to the recommended decision. *Pl.'s Mem. in Support of his Mot. Objecting to the R&R Rec[o]mmendation of Magistrate Judge John C. Nivison Dated on Jan. 09, 2026* (ECF No. 9) (*Pl.'s Obj.*). Mr. Mahoney first objected because he considered the assignment of this Judge and Magistrate Judge Nivison to be an improper transfer of venue. *Id.* at 1-3. Second, Mr. Mahoney objected because Magistrate Judge Nivison is not an Article III judge. *Id.* 3-4.

## II. DISCUSSION

Unfortunately, Mr. Mahoney's objections betray a misunderstanding of fundamental principles of federal law. First, Mr. Mahoney erroneously believes that his case has been transferred to Maine, but he is wrong. Because he sued a Massachusetts federal judge, the Chief Judge of the Court of Appeals for the First Circuit and the Chief Judge of the United States District for the District of Massachusetts designated this Judge to preside over this Massachusetts case. Second, Mr. Mahoney erroneously believes that the Magistrate Judge usurped Article

III authority when he issued a recommended decision, but again he is wrong. The Magistrate Judge issued a recommended decision in accordance with federal rule and statute, and this Judge then performs a de novo review of the recommendation, entirely consistent with federal law.

### A. A Designation is not a Transfer

This case has never been transferred from the District of Massachusetts and remains pending there. As the complaint reflects, Mr. Mahoney is suing a district judge from the District of Massachusetts as well as other federal officials in the District of Massachusetts, *Compl.* at 1, and he is suing a district judge from the District of New Hampshire. *Id.* In these circumstances, it is standard practice to designate a judge outside the districts of the defendant judges and other federal defendants to preside over the case. *See Fosu v. Univ. of R.I. Bd. of Trs.*, No. 21-cv-279-SJM-AKJ, 2026 U.S. Dist. LEXIS 14584, *2 (D.R.I. Jan. 17, 2026) (Rhode Island federal judges recuse and a district judge from New Hampshire is assigned); *Seguin v. Textron*, No. 13-cv-012-SJM-LM, 2013 U.S. Dist. LEXIS 149478, *3-4 (Oct. 17, 2013) (Plaintiff sues a state judge from Rhode Island and the Chief Judge of the Court of Appeals designates a judge from the District of New Hampshire to preside over the case); *Murphy v. State*, C.A. No. 06-062-ML, 2006 U.S. Dist. LEXIS 117538, *7 (R.I. Dist. Dec. 15, 2006) (Plaintiff sues federal judges in the District of Maine and a judge from the District of Rhode Island is designated to preside over the case).

But the case itself is not transferred to the District of Maine. It remains pending in the District of Massachusetts with a judge from the District of Maine

presiding in order to avoid the appearance of impropriety in asking a judge from the same district to rule on a claim against one of his or her district judge colleagues. *See Fosu*, 2026 U.S. Dist. LEXIS 14584, at *3 ("The case remains in the District of Rhode Island"). As this case remains in the District of Massachusetts, if any court appearances become necessary, this Judge would hold the appearances in the District of Massachusetts, not in the District of Maine. Thus, Mr. Mahoney's objection to the recommended decision is grounded on a faulty premise, namely that the case has been transferred from Massachusetts to Maine. It has not. Furthermore, the reason the Chief Judges designated this Judge to preside over the case was to protect Mr. Mahoney's right to an impartial judicial officer.

### B.  Recommended Decision of the Magistrate Judge

Mr. Mahoney also objects to the Magistrate Judge's recommended decision on the ground that the Magistrate Judge is not an Article III judge. Again, Mr. Mahoney's objection is based on a misunderstanding of federal law and procedure. Mr. Mahoney is correct as far as he goes, that is, that the Magistrate Judge is not an Article III judge, but he is incorrect that the Magistrate Judge is, as he believes, "exercis[ing] full civil jurisdiction, including conducting trial and entering final judgments in civil cases" without his consent. *Pl.'s Obj.* at 4. Here, the Magistrate Judge is acting pursuant to the statutory authority in 28 U.S.C. § 636(b)(1)(B) in making a recommendation about a dispositive matter. *See* FED. R. CIV. P. 72(b)(1). Under the law, this Court reviews Magistrate Judge's recommendation de novo and

the Court may "accept, reject, or modify the recommended disposition." FED. R. CIV. P. 72(b)(3).

Here, the Magistrate Judge has recommended that this Court dismiss Mr. Mahoney's complaint and therefore under both the statute and rule, the Court will determine the merits of the recommendation de novo. *See Recommended Decision* at 5 ("After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, for the reasons explained above, I recommend the Court dismiss the matter") (emphasis supplied). The United States Supreme Court has upheld the constitutionality of this procedure because "the district court judge acts alone as the ultimate decisionmaker." *United States v. Raddatz*, 447 U.S. 667, 681 (1980).

In sum, neither of Mr. Mahoney's objections to the recommended decision is meritorious.

### C.   Failure to Raise Other Objections

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." *Id.* (emphasis supplied); *see* FED. R. CIV. P. 72((b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to") (emphasis supplied).  Mr. Mahoney elected to challenge this Judge's designation and the authority of the Magistrate Judge to issue a recommended decision, but he did not object to the Magistrate Judge's recitation of facts or his conclusions of law. *Compare Recommended Decision*, *with Pl.'s Obj.* at 1-6, *with Pl.'s Obj.* at 1-4.  Under

6

§ 636(b)(1)(C) as interpreted by the First Circuit, the failure to make specific timely objections to the Magistrate Judge's recommendations constitutes a waiver of the issues not objected to. *Reid v. New Hampshire*, 56 F.3d 332, 338 (1st Cir. 1995). More specifically, "only those issues fairly raised by objections to the magistrate's report are subject to review in the district court." *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 25 (1st Cir. 2017). By failing to challenge the substance of the Magistrate Judge's recommended decision, Mr. Mahoney has waived the right to challenge it.

### D. The Magistrate Judge's Recommended Decision

"[A]s a general rule, [courts] are solicitous of the obstacles that pro se litigants face," holding their "pleadings to less demanding standards than those drafted by lawyers." *Dutil v. Murphy*, 550 F.3d 164, 158-59 (1st Cir. 2008). At the same time, pro se litigants "must be held generally to the same standards as an attorney." *Doe v. Solvay Pharms., Inc.*, 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004). With these principles in mind, the Court reviewed the Magistrate Judge's recommended decision to determine whether the recommended decision "is clearly erroneous or is contrary to law." *Plourde v. Me. State Police Trooper Robert Cejka*, 2022 U.S. Dist. LEXIS 240786, at *4 (D. Me. Apr. 4, 2022) (Absent a timely objection, the order stands unless the district judge concludes that even without objection, the order is clearly erroneous or contrary to law").

Having performed a de novo review, even in the absence of specific objection, the Court concludes that the Magistrate Judge's recommended decision correctly recommends that Mr. Mahoney's complaint be dismissed. First, his claim is a "thinly

veiled and improper attempt[] to collaterally attack [a] conviction" and "overrule the judgment of [the criminal court]." *Recommended Decision* at 3 (quoting *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012)). This Court is therefore without jurisdiction over his claim. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Next, the Court agrees that Mr. Mahoney's complaint fails to contain sufficient factual allegations against the named defendants to allow it to proceed. *Id.* at 4. Finally, Mr. Mahoney's claims against the two federal judges and the probation officers are barred by the doctrine of absolute immunity. *Id.* at 4-5.

### III. CONCLUSION

For the reasons set forth in the Recommended Decision and in this Order, the Court AFFIRMS the Recommended Decision After Review of Plaintiff's Complaint (ECF No. 7). It is therefore ORDERED that the Magistrate Judge's Recommended Decision After Review of Plaintiff's Complaint (ECF No. 7) is hereby AFFIRMED and ADOPTED. The Court DISMISSES Brian Edward Mahoney's Complaint (ECF No. 1).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2026